# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUNOCO PIPELINE LP, <br><br> *Plaintiff*, <br><br> v. <br><br> DANIEL LA HART and KATHERINE LA HART, ROBERTA GELTCH and JAMES GELTCH, ANDREW MELA and HEATHER MELA, W. SCOTT MILLER and MARYIDA MILLER, JOHN VANNI AND ANGELA VANNI, KEVIN WOJNOVICH and KRISTINE WOJNOVICH, BASIL TSOLAKIS, FOTEINI TSOLAKIS, GERALD TSOLAKIS, and MANTHA NIKOLOUDAKI, individually and on behalf of a class of others similarly situated, <br><br> *Defendants*. | Civil Action No. 2:25-cv-03694 |

## PLAINTIFF'S NOTICE OF APPEAL

**NOTICE IS HEREBY GIVEN** that Plaintiff Sunoco Pipeline LP hereby appeals to the United States Court of Appeals for the Third Circuit from this Court's July 21, 2025 Order, ECF No. 17 (attached as Exhibit A), denying Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 2. Plaintiff appeals this Order under 28 U.S.C. § 1292(a)(1) (granting appellate courts jurisdiction over "[i]nterlocutory orders of the district courts of the United States . . . refusing . . . injunctions."). *See also Robinson v. Lehman*, 771 F.2d 772, 782 (3d Cir. 1985) (denial of a temporary restraining order is appealable where it "decides the merits of the case or is equivalent to a dismissal of the claim").

Date: August 8, 2025                                Respectfully submitted,

                                                    */s/ Laura Hughes McNally*
                                                    MORGAN, LEWIS & BOCKIUS LLP
                                                    Laura Hughes McNally (ID No. 310658)
                                                    2222 Market Street
                                                    Philadelphia, PA 19103-3007
                                                    (215) 963-5000
                                                    laura.mcnally@morganlewis.com

                                                    Duke K. McCall, III (*pro hac vice forthcoming*)
                                                    Randall M. Levine (*pro hac vice forthcoming*)
                                                    1111 Pennsylvania Avenue, NW
                                                    Washington, DC 20004
                                                    (202) 739-3000
                                                    duke.mccall@morganlewis.com
                                                    randall.levine@morganlewis.com

                                                    Cassidy Duckett Britt
                                                    1201 N. Market Street, Suite 2201
                                                    Wilmington, DE 19801
                                                    302-574-3000
                                                    cassidy.britt@morganlewis.com

                                                    MANKO, GOLD, KATCHER & FOX LLP
                                                    Diana Amaral Silva
                                                    Robert D. Fox
                                                    Three Bala Plaza East
                                                    Suite 700
                                                    Bala Cynwyd, PA 19004
                                                    484-430-2347
                                                    dsilva@mankogold.com
                                                    rfox@mankogold.com

                                                    *Counsel for Plaintiff Sunoco Pipeline LP*

## CERTIFICATE OF SERVICE

I, Laura Hughes McNally, hereby certify that on this 8th day of August, 2025, a true and correct copy of Plaintiff's Notice of Appeal was electronically filed and is available for viewing and downloading from the Court's ECF system.

/s/ *Laura Hughes McNally*
Laura Hughes McNally (ID No. 310658)
MORGAN, LEWIS & BOCKIUS LLP
2222 Market Street
Philadelphia, PA 19103-3007
(215) 963-5000
laura.mcnally@morganlewis.com

Case 25-25594 Document 1-1 Filed 08/28/25 Page 1 of 3

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SUNOCO PIPELINE LP | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | |
| DANIEL LA HART, *et al.*, | : | NO. 25-3694 |
| Defendants. | : | |

**ORDER**

**AND NOW,** this 21st day of July, 2025, upon consideration of Plaintiff Sunoco Pipeline LP's Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 2) and Defendants' response in opposition (ECF No. 13), and Plaintiff's reply (ECF No. 14-2), it is hereby **ORDERED** that the motion is **DENIED**.[1]

---

[1] Plaintiff Sunoco Pipeline LP ("Sunoco") seeks a temporary restraining order and preliminary injunction to enjoin Defendants, who are private citizens and state-court plaintiffs, from pursuing injunctive relief in a state-court action related to a petroleum leak from the Twin Oaks Pipeline. Because the requested injunction would impermissibly interfere with an ongoing state proceeding in violation of the Anti-Injunction Act (AIA) and because this Court lacks subject matter jurisdiction over Sunoco's freestanding preemption claim, the motion is denied. This Court ordered expedited briefing on the matter and now issues an abbreviated order in lieu of a full opinion due to the need for prompt resolution of the emergency petition and impending deadlines in state court.

Following Sunoco's reporting of the leak in January 2025, several residents filed state-court lawsuits asserting state-law tort claims and seeking, among other remedies, injunctive relief. One such case, brought by Defendants Daniel and Katherine La Hart as a putative class action, was removed by Sunoco to this Court and then remanded for lack of federal jurisdiction. *La Hart v. Sunoco Pipeline L.P.*, No. 25-cv-2072, 2025 WL 1689392 (E.D. Pa. June 16, 2025). After remand, the La Hart plaintiffs renewed their request for a preliminary injunction in state court. Sunoco then filed this separate federal action, two weeks after the state injunction motion was filed, seeking a TRO to prevent the state court from granting that relief on the ground that it would conflict with the Federal Pipeline Safety Act (PSA), 49 U.S.C. § 60101 et seq.

To obtain a preliminary injunction, a party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm absent relief; (3) that the balance of equities favors the moving party; and (4) that an injunction is in the public interest. *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). Where the requested relief would enjoin a state-court proceeding, however, the threshold inquiry is whether the request is barred by the Anti-Injunction Act, 28 U.S.C. § 2283.

The AIA prohibits federal courts from staying state-court proceedings unless the injunction is (1) expressly authorized by Congress, (2) necessary in aid of the federal court's jurisdiction, or (3) required to protect or effectuate its judgments. These exceptions are strictly construed. *See In re Prudential Ins. Co. Am. Sales Practice Litig.*, 314 F.3d 99, 104 (3d Cir. 2002) (citing *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970)). None of the exceptions apply here. The PSA does not expressly authorize injunctions against state proceedings, and Sunoco identifies no statutory text or legislative history to suggest otherwise. The "aid of jurisdiction" exception is

BY THE COURT:

_____
HON. MIA R. PEREZ

---

inapplicable because this Court has already remanded the underlying tort action and retains no continuing jurisdiction over it. Nor does the re-litigation exception apply, as the Court has entered no judgment on the merits demanding protection. Sunoco contends that Defendants' request for injunctive relief in state court effectively seeks to impose safety standards on its interstate pipeline, which it argues is preempted by the PSA's express bar on state regulation of pipeline safety. Although the PSA authorizes civil enforcement actions in federal court, it does not expressly permit federal courts to enjoin ongoing state-court proceedings, as required by 28 U.S.C. § 2283. The mere existence of a federal right of action is not sufficient to create an exception to the AIA; the statute must expressly authorize interference with state court jurisdiction, which the PSA does not.

Even if the AIA did not apply, this Court would lack jurisdiction. The Third Circuit has consistently held that federal preemption does not confer federal-question jurisdiction when raised in response to state-law claims. *See, e.g.*, *Greenawalt v. Philip Rosenau Co.*, 417 F. Supp. 2d 531, 533 (E.D. Pa. 2007); *Metro. Edison Co. v. Pa. PUC*, 767 F.3d 335, 364 (3d Cir. 2014). Preemption is ordinarily a defense, not a basis for removal or an independent claim. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). That principle applies equally when, as here, a plaintiff reframes a preemption defense as a freestanding request for federal injunctive relief. Sunoco remains free to raise its preemption arguments in the state court. If the state court grants relief that Sunoco believes conflicts with federal law, it may seek appellate review through the state system and ultimately the U.S. Supreme Court. Because the AIA bars the relief sought and this Court lacks jurisdiction over Sunoco's claim, the motion is denied.